Ralph De Rosa, as executor, has applied for a rehearing on that part of the judgment which rejects his demand to annul the judgment dated March 25, 1937, sending Antonino Ferrara into possession of the property Nos. 2466 and 2468 North Rampart street, and sending the widow, Rose Micheli Ferrara, into possession of all other property belonging to the succession of Salvatore Ferrara, and which declares that the judgment dated March *Page 607 
25, 1937, is a valid judgment. It is said that the judgment appealed from merely annulled the judgment or order probating the will of Josephine Taulli Ferrara, in the Italian language, dated June 4, 1920, and annulled the appointment of Ralph De Rosa as dative testamentary executor. The effect of that decree, however, was to reject the demand of Ralph De Rosa, dative testamentary executor, to annul the judgment dated March 25, 1937, sending Antonino Ferrara into possession of the property Nos. 2466 and 2468 North Rampart street, and sending the widow, Rose Micheli Ferrara, into possession of all other property belonging to the succession of Salvatore Ferrara. The decree which this court has rendered produces the same result as if this court had merely affirmed the judgment appealed from; but the reason for the decree rendered by this court is that Ralph De Rosa has no interest, either personally or as executor, in the title of Antonino Ferrara or of the widow, Rose Micheli Ferrara, to the property which they were sent into possession of, respectively, by the judgment dated March 25, 1937; whereas, the reason for the decree rendered by the judge of the civil district court was that the will of Josephine Taulli Ferrara, dated June 4, 1920, on which was founded Ralph De Rosa's suit to annul the judgment dated March 25, 1937, was revoked by the alleged lost or destroyed will of Josephine Taulli Ferrara, said to have *Page 608 
been made in nuncupative form by private act dated January 15, 1923. There is no good reason why this court should have remanded the case with instructions to reject the demand of Ralph De Rosa, as executor, after this court had decided that there was no reason for admitting to probate the alleged lost or destroyed will of Josephine Taulli Ferrara. Article 905 of the Code of Practice provides that, when the Supreme Court sets aside a judgment on appeal, "it shall pronounce on the case the judgment which the lower court should have rendered, if it be in possession of all the facts and testimony to enable it to pronounce definitively." The demand of Ralph De Rosa, executor, to annul the judgment dated March 25, 1937, and the demand of Antonino Ferrara and of the widow, Rose Micheli Ferrara, to have the alleged lost or destroyed will of Josephine Taulli Ferrara probated, were consolidated by an order of court; hence there was no necessity for the court to render two judgments, in order to reject the demand of Ralph De Rosa, executor.
We adhere to the opinion that Mrs. Josephine Taulli Ferrara did not bequeath her half interest in the community property to Ralph De Rosa and his sisters, when the testatrix said, in the will dated June 4, 1920, "and at the death of my husband my property belongs to my heirs."
The petition for a rehearing is denied. *Page 609